JS6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00033-DOC-DFM                    Date:  March 13, 2026

Title: Margareta Petrovic v. Tata Consultancy Services Limited et al

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Damian Velazquez for Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING CASE TO STATE COURT [19]

Plaintiffs filed a Motion to Remand on January 16, 2026. Having reviewed the briefing from both parties, the Court **REMANDS** this matter back to Orange County Superior Court.

**I.     Background**

Plaintiff filed her Complaint (Dkt. 2) in the Orange County Superior Court on December 2, 2025. Plaintiff alleges seven causes of action against Defendant Tata Consultancy Services Limited: Discrimination on the Basis of Sex/Gender in Violation of Fair Employment and Housing Act, Retaliation for Exercising Rights under FEHA, Retaliation in Violation of the Labor Code, Harassment, Failure to Prevent Discrimination, Harassment and Retaliation, Wrongful Termination in Violation of Public Policy, Declaratory Relief, and Injunctive Relief. Against Defendant Ravi Madduri specifically, Plaintiff is bringing a cause of action for Harassment. All eight counts in total are being brought under California law. (Dkt. 2).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  8:24-cv-00280-DOC-DFMx                    Date: March 13, 2026

Page 2

Defendants removed the matter on January 6, 2026 (Dkt. 1). On January 16, 2026, Plaintiff—Margareta Petrovic—filed a Motion to Remand (Dkt. 19). Defendants, Ravi Madduri and Tata Consultancy Services Limited, filed their Opposition to the Motion to Remand on February 23, 2026 (Dkt. 23). Plaintiff filed her Reply in support for her Motion to Remand on March 2, 2026 (Dkt. 26).

Plaintiff was hired on or about March 27, 2023 as a Managing Partner whose job it was to run cybersecurity consulting for Defendants. (Dkt. 2 at 4). Her annual salary was about $390,000. *Id*. Plaintiff was the only female amongst the global Managing Partners and alleges that she "consistently encountered a boys' club culture and toxic internal competition, including multiple parallel groups created for the same agenda that undermined her role and effectiveness." *Id*. at 5. She further alleges that "In or around August 2024, senior personnel, including Ravi Madduri, made overtly discriminatory statements to Plaintiff, including that she "will not be successful" because she is "a woman" and "not Indian," and that she "cannot be successful" at TCS because she is not Indian, is a woman, and is not old enough." *Id*. Plaintiff alleges that as her employment continued, she was flagged as "do not allocate" and excluded from broader leadership communications. *Id*. Ultimately, Plaintiff was terminated on August 25, 2025 due to a "dual employment" allegation that Plaintiff denies. *Id*. at 6.

## II.    Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00280-DOC-DFMx                                   Date: March 13, 2026

Page 3

from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

When analyzing whether the complete diversity requirement is satisfied courts disregard the citizenship of "sham defendants". *Nasrawi v. Buck Consultants, LLC*, 776 F.Supp.2d 1166, 1169 (E.D. Cal. 2011) ("[R]emoval is proper despite the presence of a non-diverse defendant if that defendant is a 'fraudulently joined' or 'sham' defendant."). In the Ninth Circuit, a non-diverse defendant is deemed a "sham defendant" if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not recover against that defendant. *Padilla v. A T & T Corp.*, 697 F.Supp.2d 1156, 1158 (C.D. Cal. 2009) (*citing Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)). "The expressed standard for fraudulent joinder is whether there is any possibility that a claim can be stated against the allegedly 'sham' defendants." *Knutson v. Allis-Chalmers Corp.*, 358 F.Supp.2d 983, 995 (D. Nev. 2005) (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). The defendant seeking removal to federal court has the burden of showing that a defendant was fraudulently joined and is entitled to present facts showing that the joinder is fraudulent. *Good v. Prudential Ins. Co. of Am.*, 5 F.Supp.2d 804, 807 (N.D. Cal. 1998). All disputed questions of fact, however, are resolved in favor of the plaintiff. *Id.* Additionally, a finding of fraudulent joinder compels dismissal of the sham defendants. *Isaacs v. Broido*, 358 Fed.Appx. 874, 876 (9th Cir. 2009).

## III.   Discussion

At issue is whether complete diversity exists between Plaintiff and Defendant Ravi Madduri. Since each of the eight counts asserted by Plaintiff arise under California law, no federal question jurisdiction exists. Therefore, at issue is diversity jurisdiction.

There is no dispute that Plaintiff is a citizen of California, Defendant Ravi Madduri is a citizen of California, and that Defendant Tata Consultancy Services Limited is headquartered in Mumbai, India, and has its principal place of business in New York. *See* Dkt. 23. Defendants are alleging that Defendant Ravi Madduri is a sham defendant. (Dkt. 23 at 11). The Court will not address the amount in controversy because it finds that Defendant Ravi Madduri is not a sham defendant.

Plaintiff is bringing a claim for harassment against Defendant Ravi Madduri. Defendants argue that this matter should not be remanded because Plaintiff does not attribute any specific harassing conduct as to Defendant and that the allegations that are pled are discrimination-style allegations rather than actionable harassment. (Dkt. 23 at

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00280-DOC-DFMx                             Date: March 13, 2026

Page 4

13). The Court finds that at the present stage, Plaintiff has plead with enough particularity to show that Madduri is not a sham defendant. Further, Plaintiff has articulated that further amendment could cure any deficiencies.

Plaintiff has plead that Defendant Madduri told her she would "not be successful" and "cannot be successful" due to her gender and ethnicity. (Dkt. 26 at 7). Further, Plaintiff has alleged that these types of remarks were repeated and ongoing. *Id*. For example, during a work trip to Mexico, Defendant Madduri was allegedly "condescending and rude, interrupted her [Plaintiff] when she spoke, criticized her in a harsh tone, questioned her competence, called her "horrible," and told her she should "never ask clients a question" while she was performing her job duties." *Id*. at 8. Defendant Madduri also allegedly told Plaintiff that "if it was up to him, he would never choose to have Plaintiff in any meetings with him." *Id*. The Court finds that Plaintiff has shown in this preliminary stage a plausible harassment claim against Defendant Madduri—either through the current pleadings or via an amended complaint. Because Defendant Madduri is not a sham defendant, complete diversity of citizenship does not exist in this matter and remand is proper.

## IV.    Disposition

For the foregoing reasons, the Court **REMANDS** this action to California state court. Attorney fees will not be awarded. All future dates in this matter are **VACATED**.

The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11 | Initials of Deputy Clerk: |
| | dve/kdu |
| CIVIL-GEN | |